# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| MARINA ARSHAKYAN, | * | No. 15-1004V |
| | * | Special Master Christian J. Moran |
| Petitioner, | * | |
| | * | Filed: September 27, 2018 |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Attorneys' fees and costs |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

<u>Mark Sadaka</u>, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner;
<u>Alexis B. Babcock</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Marina Arshakyan prevailed in her claim brought in the National Childhood Vaccine Compensation Program. She is now seeking an award for attorneys' fees and costs. She is awarded the amount requested, $28,025.79.

\* \* \*

Represented by attorney Mark Sadaka, Ms. Arshakyan filed her petition on September 10, 2015, alleging that the mump-measles-rubella vaccine caused her to suffer various vision problems. After discussions, the parties resolved this case.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

The parties submitted a stipulation that a decision incorporated.  Decision, 2017 WL 5662564 (Nov. 2, 2017).

On April 23, 2018, Ms. Arshakyan filed a motion for an award of attorneys' fees and costs.  The motion seeks a total of $28,025.79, comprised of $19,021.67 in attorneys' fees and $9,004.12 in attorneys' costs.  Ms. Arshakyan did not incur any costs personally.  Gen. Order No. 9 Stat., filed May 1, 2018.

The Secretary filed a response to Ms. Arshakyan's motion.  The Secretary represented that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp., filed May 4, 2018, at 2.  With respect to amount, the Secretary recommended that "the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 4.

While the motion for attorneys' fees and costs was pending, the Court of Federal Claims resolved an issue over the process by which special masters could resolve motions for attorneys' fees.  See McIntosh v. Sec'y of Health & Human Servs., No. 16-29V, 2018 WL 3343249 (Fed. Cl. June 14, 2018).

This matter is now ripe for adjudication.

\*     \*     \*

Because Ms. Arshakyan received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the unresolved question is what is a reasonable amount of attorneys' fees and costs?

**I.     Attorneys' Fees**

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs.  515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

A. <u>Reasonable Hourly Rate</u>

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. <u>Avera</u>, 515 F.3d at 1349. There is, however, an exception (the so-called <u>Davis County</u> exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. <u>Id.</u> 1349 (citing <u>Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency</u>, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Ms. Arshakyan requests compensation for Attorney Sadaka, as well as paralegals who assisted him. The proposed rates are reasonable. <u>Rolshoven v. Sec'y of Health & Human Servs.</u>, No. 14-439V, 2018 WL 3986831, at *2 (Fed. Cl. June 26, 2018).

B. <u>Reasonable Number of Hours</u>

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. <u>See Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. <u>See Shea v. Sec'y of Health & Human Servs.</u>, No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

Nearly all of the activities are reasonable. Although some entries relating to the filing of documents might be questionable, these potentially excessive items are relatively trivial. Thus, in light of the Secretary's failure to object, the undersigned finds all time reasonable.

## II. Costs

In addition to seeking an award for attorneys' fees, Ms. Arshakyan seeks compensation for costs expended, totaling $9,004.12. The costs for routine items,

such as medical records and the filing fee, are reasonable and adequately documented.  Ms. Arshakyan is awarded them ($504.12) in full.  The bulk of the costs ($8,500.00) derive from Dr. Steinman's work.  This cost is reasonable as well.

*   *   *

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e).  The undersigned finds $28,025.79 ($19,021.67 in fees and $9,004.12 in costs) to be a reasonable amount for all attorneys' fees and costs incurred.  The undersigned GRANTS the petitioner's motion and awards $28,025.79 in attorneys' fees and costs.  This shall be paid as follows:

**A lump sum of $28,025.79 in the form of a check made payable to petitioner and petitioner's attorney, Mark Sadaka, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>Christian J. Moran<br>Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.